BOYD, Justice,
dissenting.
I must respectfully dissent from the Court’s approval of the proposed amendment to Rule of Civil Procedure 1.611. Although I appreciate the efforts of members of the Bar who have participated in formulating the proposal, and I commend them for their efforts, I am compelled to say that their proposal represents unwise policy and does not fulfill the objectives we were trying to achieve when we directed the Bar to find ways to make legal services more available to the public.
I believe it is necessary to make a conceptual distinction between access to judicial processes and access to legal services. Our mandate to the Bar was to recommend ways of providing greater access to legal services. One of the principal means to this end would be, of course, to find ways of making legal services less expensive. The Bar’s proposal instead focuses on the problem of access to judicial processes without professional legal assistance. In making this distinction I am defining “legal services” as the traditionally understood work of lawyers, including legal advice and counsel, representation in judicial proceedings, and representation in negotiations with actual and potential adversaries in judicial proceedings. Access to legal services, then, is a concept clearly distinguishable from access to judicial processes, or, as we commonly express it, “access to courts.” The Bar in proposing the instant amendment, and the Court in approving it, have failed to recognize this distinction, and have therefore failed to see that while the proposal increases the public’s access to courts, it does nothing to increase access to legal services.
*816 The proposed rule sets aside a category of divorce cases (a category which I expect will prove to be numerically insignificant) as suitable for adjudication without the necessity of representation by legal counsel. The proposal carves out this category of cases and determines that in such cases legal representation is not needed. Under the guise of making courts more accessible, the proposal is actually an abdication of the responsibility to make legal assistance more available. As the majority opinion points out, the law already recognizes the right of every person to present his own cause to the court without retaining a lawyer. In effect, therefore, the proposal adds nothing to the rights of litigants to proceed without counsel. It is merely an announcement that in a certain category of cases the organized bar will no longer resist the efforts of citizens to do so.
The proposed rule and forms make reference to satisfactory division of property. Thus the rule contemplates that the parties will have made a separate property division agreement. But there is no requirement that the property division agreement be brought before the court for inspection. Thus it is possible that one of the parties will be harmed by the failure to make the property division agreement in an enforceable form.
As I pointed out above, the limits placed on the category of cases set aside for simplified procedure are likely to make it applicable to only a very small proportion of cases. Thus married couples with children, even though they may be indigent or of very limited means, are not helped by the proposal. The limitation to couples without children will eliminate many of the poor.
The majority opinion points out that the Bar-commissioned study on the legal problems of the poor[1] found that the poor could be helped by reducing the complexity of litigation and adopting a simplified procedure for dissolution of marriage. It is not stretching the concept of judicial notice too much to observe that in general, persons who are literate, somewhat educated, and somewhat knowledgeable about concepts such as legal rights and responsibilities and the enforcement thereof, tend to be more financially able than persons in the less educated, less knowledgeable, and less literate segment of society. Persons in the latter category generally tend to comprise or include “the poor” or “the indigent”— the group which the Bar-commissioned study identified as being in need of relief from the complexity of legal procedures and the lack of access to legal services. Therefore, those persons who are least in need will be in the best position to make use of the simplified procedure without endangering their own rights and vital interests, while those persons identified as being most in need of relief are those least able to intelligently utilize this rule of simplified procedure.
I also agree with the criticism that the proposed rule is an attempt to change substantive law and is therefore beyond the power of the Court. It substantially changes the legal criteria for dissolution of marriage. The Bar initially recognized as much when it included in its proposal a suggested amendment to the statute governing dissolution of marriage.[2]
Therefore I dissent to the promulgation of the rule amendment and would send the matter back to the Bar for further discussion and consideration by interested members.
SHAW, J., concurs.
EXTENSION OF EFFECTIVE DATE
PER CURIAM.
The Florida Bar has suggested that we extend the effective date of the simplified dissolution procedure to afford the Bar sufficient time to prepare an instruction booklet explaining the procedure, as directed in our opinion in this cause, and to assure that
*817 the proper forms are distributed to the circuit court clerks prior to the effective date of this rule amendment. Further, in response to our request for interested parties to comment concerning this new simplified dissolution procedure before February 15, 1984, we have received constructive suggestions for the improvement of the procedures and forms proposed in our opinion.
To provide us an opportunity to modify the rule and forms in accordance with those suggestions, and to assure proper implementation of this simplified dissolution procedure, we hereby extend the effective date of Florida Rule of Civil Procedure 1.611, as directed in our opinion of December 8, 1983, from March 1, 1984, to June 1, 1984.
It is so ordered.
ALDERMAN, C.J, and ADKINS, BOYD, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.

. Center for Governmental Responsibility, The Legal Needs of the Poor and Underrepresented Citizens of Florida: An Overview (1980).

. Chapter 61, Florida Statutes (1981).